'ALBERT STANDFORD v. J. H. FINKS ET AL.

Decided January 16, 1907.

**Limitation—Fraud and Mistake—Diligence.**

Pleading considered, in an action to recover back money alleged to be paid through mistake or by fraud of defendant, and held to show no excuse for not sooner discovering the fraud or mistake, the facts being ascertainable from judgments on record, and therefore the action to be barred by limitation.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*N. B. Williams* and *W. H. Forrister,* for appellant.—The statute of limitation does not begin to run in a case of fraud or mistake until the fraud or mistake is discovered, or would have been discovered by the exercise of reasonable diligence. Emerson v. Navarro, 31 Texas, 335; Smith v. Fly, 24 Texas, 353; Bass v. James, 83 Texas, 111; Hudson v. Wheeler, 34 Texas, 367; Brown v. Brown, 61 Texas, 49; Alston v. Richardson, 51 Texas, 1; Kuhlman v. Baker, 50 Texas, 637; City Bank v. National Bank, 45 Texas, 217; Story on Contracts, secs. 410-422; Beach on Contracts, secs. 399, 641, 660, 661; Haldeman v. Chambers, 19 Texas, 50; Culbertson v. Blanchard, 79 Texas, 492; Finks v. Hollis, 11 Texas Court Rep., 857.

No briefs were on file for appellee.

EIDSON, ASSOCIATE JUSTICE.—Appellant brought this suit in the court below for the purpose of recovering certain sums of money alleged to have been paid by him to appellees through the fraud and misrepresentations of appellees and the mutual mistake of appellant and appellees. Appellees interposed a special demurrer to appellant's petition, setting up the statute of limitation of two years as a bar to appellant's cause of action, which was sustained by the court and judgment rendered dismissing appellant's suit and for costs against him; from which ruling and judgment of the court below, appellant has perfected an appeal to this court.

As the only question presented for consideration by this court arises upon the petition of appellant, we insert a copy thereof, which, omitting formal parts, is as follows:

"1. Your petitioner shows to the court that on the 17th day of December, 1890, there was pending in the 19th Judicial District Court of McLennan County, Texas, a cause entitled J. H. Finks et al. v. T. B. Cox et al. That the plaintiffs in said suit were J. H. Finks,

Alfred Abeel and T. P. Abeel, then doing business as partners under the firm name and style of J. H. Finks & Company; that your petitioner and his vendors, with eight or ten others, were defendants in said suit, and that said suit was for the title and possession of several different pieces and parcels of land, situated in McLennan County, Texas, claimed by the different defendants to said cause and by the plaintiffs in said cause; that on the 17th day of December, 1890, your petitioner entered into a written contract with defendants herein, whereby petitioner bound himself not to make any defense to said suit above described, and not to assist the other defendants to said suit in any manner, and in consideration of said agreement defendants herein obligated themselves to file for your petitioner in said cause a general demurrer and general denial and plea of not guilty, and further obligated themselves not to take judgment by default against your petitioner and to prosecute their suit to effect, and if they obtained final judgment against your petitioner herein for a part of the land claimed by him, involved in said suit above described, then upon the recovery of said land in said litigation, the defendants herein obligated themselves to sell the land in possession of plaintiffs herein for the sum of seven dollars per acre, and your petitioner obligated himself to buy said land at said price, and pay therefor one-third cash, one-third in one year and one-third in two years from date of final judgment in said cause, said deferred payments to be covered by notes with ten percent per annum interest from date, said notes to be signed by petitioner.

"2. Your petitoner further represents that on or about the 23d day of February, 1898, and various dates prior thereto, the defendants herein falsely and fraudulently and with intent to defraud plaintiff and to obtain money from him without consideration, represented to plaintiff· that they had complied with their part of said contract hereinbefore referred to in every particular and that they recovered final judgment against petitioner for the title and possession of the land sued for as claimed by him, and called upon your petitioner to comply with his part of said contract by paying the seven dollars per acre, according to the terms of said contract, and executing the notes as provided for therein; and your petitioner believing said statement of the defendants herein to be true, and relying upon the truthfulness of same, and having no idea that they would in any manner deceive and defraud him, but having perfect confidence in their honesty and integrity, and having a right to rely upon their statements, as they were in a position to know the truth of the same, and as your petitioner had no reason to doubt said statements your petitioner did rely and act upon said statements as if true, and believing that the defendants herein had in every way complied with their said written contract with petitioner, your petitioner did execute and deliver to defendants herein his three certain promissory notes for the sum of $74.36 each, the first payable October 1, 1899, the second October 1, 1900, and the third October 1, 1901, each bearing interest at ten percent per annum from date, and payable to J. H. Finks & Company, all dated February 23, 1898.

"Your petitioner shows to the court that he had a right to rely upon the truthfulness of the statements made by J. H. Finks & Company, the defendants herein, as to their having complied with the

terms of said written contract and as to petitioner being justly indebted
to them under the terms of said contract; that J. H. Finks at that
time held a very important federal office under the United States
Government at Waco and was a well known and reputable citizen, and
petitioner had never heard his honesty and fair dealing in any manner
questioned; that defendants T. B. Abeel and Alfred Abeel were well
known and wealthy business men of this county, and petitioner had
never known their honesty, integrity or truthfulness to be questioned,
but considered each reputable and highly honorable citizens of this
county and worthy of all confidence and trust, and that he did place all
confidence and trust in each of said defendants, and relied implicitly
upon the statements made to him by them as to their compliance with
the terms of the contract above referred to. That said defendants were
in every manner in a position to know whether or not they had com-
plied with the terms of said contract, and that petitioner was in no
manner conversant with the facts in reference to the condition and
the action that had been taken upon said contract; that he had entered
into the same with the defendants for the express, avowed and declared
purpose of avoiding the trouble and expense and worry of keeping
up with said litigation, and that it was for this purpose and for the
further purpose of avoiding the trouble and expense of employing
counsel to investigate and keep up with said litigation above referred to
that he entered into said contract with these defendants; that said litiga-
tion was of a very complicated and intricate nature, involving the titles
to some ten or fifteen different tracts of land in this county; that said
suit was appealed to the higher courts of this State and reversed and
remanded, appealed again and again, and was in a very complicated
condition, and that no citizen, unless he be a lawyer, could have
found out the true facts or condition of said litigation without the
employment of an attorney at a great expense to investigate the same
for him. That your petitioner is a farmer and has never had any deal-
ings in the courts of the country, and is absolutely ignorant of their
manner of procedure and of the manner of conducting suits or causes
of action in litigation and that he could not, by the exercise of any de-
gree of diligence on his part, have discovered the true facts as to
whether defendants had complied with their said contract with him or
not. That said defendants knowing his position in the premises and
knowing that he relied upon them fully and completely, falsely and
fraudulently represented to him that they had complied with their said
contract and falsely and fraudulently withheld the true facts and con-
cealed them from this plaintiff and induced him to act upon their state-
ment as to the condition of affairs in regard to said litigation and
to execute to them upon their statement the notes above referred to, and
thereafter to pay said notes with interest, as provided for therein. That
said defendants knew that they stood in a friendly and fiduciary re-
lation to plaintiff, and knew that he was acting upon their statements
alone without any examination of the records and knew that he could
not, without employing counsel, have determined the truthfulness or
falsity of their said statements, and knowing these facts they inten-
tionally and fraudulently and wrongfully prevailed upon your petitioner
to execute said notes and pay the same, knowing that they had not in

any manner complied with the terms of said contract, and that plaintiff was not in any manner indebted to them or either of them legally or morally in any sum whatever upon said contract, but that they received this plaintiff's money without consideration and upon said statements and condition of fact as hereinbefore set out. And plaintiff further charges that defendants knew that he was in no manner legally or morally bound to them for any sum whatever at the time said notes were executed and said money paid.

"3. Your petitioner represents that the notes above referred to and said money paid thereon were executed and paid upon the mutual and mistaken belief on the part of plaintiff and defendants that the plaintiff was justly indebted to defendants under the terms of said written contract above referred to, when in truth and in fact plaintiff was not in any manner legally or morally indebted to defendants in any sum whatever.

"Plaintiff represents that defendants thought and so stated that they had complied with their contract and that they had recovered a judgment against plaintiff under the terms of said contract for the land claimed by him in said litigation, but that said litigation was so complicated and so many different parties at interest therein that both plaintiff and defendants were mistaken as to defendants having obtained judgment for said land, and as to defendants having complied with the terms of their said contract and as to plaintiff being indebted to them under the terms of said contract, and that said notes were executed and said money paid upon the mistaken belief on the part of the plaintiff and defendants that plaintiff was indebted to them under the terms of said contract, and that defendants had complied with their part of the contract, and that it was proper for plaintiff to comply with his, when in truth and in fact the defendants herein had not in any manner recovered judgment against plaintiff, or in any manner complied with any part of their said contract, but had violated each and every part thereof, and further had failed to file a general demurrer and general denial or plea of not guilty for this plaintiff in said litigation, which they had agreed to do, and further that defendants had taken an interlocutory judgment by default in said litigation against this plaintiff which they had specifically agreed not to do, and that said notes were executed and paid upon said mistake of fact upon the part of plaintiff and defendants without any consideration, when in truth and in fact plaintiff was not indebted or in any manner, legally or morally bound to defendants in any manner whatever.

"4. Your petitioner represents that acting upon the belief that he was justly indebted to defendants upon said notes executed, he did on the 28th day of August, 1900, pay to defendants the sum of $178.48, and on September 28th, 1900, the sum of $74.35, making a total paid to defendants of $252.83, all of which was paid upon the fraud and mistake hereinbefore set out.

"5. Plaintiff represents that he could not by the exercise of reasonable diligence have found out the true facts in said cause sooner than he did on account of the intricacy of said litigation and the long time that it has pended in the courts and went from one court to the

other and on account of the intentional concealment by the defendants of the said facts which were peculiarly within their knowledge and not within the knowledge of the plaintiff and which defendants knew plaintiff was relying upon and trusting them implicitly in said transaction, and that he did not and could not by the exercise of reasonable diligence have discovered said fraud and mistake sooner than the 20th day of October, 1902; that said mistake and fraud was discovered by virtue of there being another branch of said old litigation pending in said 19th Court of McLennan County, Texas, and said litigation during the trial of the cause brought out the true condition of the old case upon which said contract was entered into and that one of the plaintiff's neighbors was interested in said litigation and another was a witness in said litigation, and they discovered said fraud and mistake and reported the same to plaintiff, and he immediately upon the discovery and hearing of said fraud and mistake employed counsel to investigate the matter, and upon said investigation the true facts were first made known to him, and that they could not sooner have been discovered by him and that he had this suit filed to the very first term of court after the discovery of said fraud and mistake.

"Your petitioner further shows that he is one of the defendants of said suit hereinbefore referred to, but was dropped from said litigation by a severance had in said suit, and that said suit under the original style and number continued in court and that he knew nothing about his having been severed and dropped from said litigation but knew that said suit remained in the court under the original style and number and was prosecuted by the said J. H. Finks & Company, and that defendant had every reason to believe that he too remained a party to said suit and that said final judgment rendered in said suit in the Supreme Court of the State of Texas was against him as well as the other defendants, when in truth and in fact he was not a party to said litigation and was dropped from same by a severance had therein a few months after the contract entered into by him and the defendants herein, and about eight or ten years prior to the rendition of the final judgment in said suit and that defendants herein knew of said severance, and that he had been dropped from said suit for said long length of time and knew that said final judgment did not in any manner affect him and was not a compliance on their part with the terms of the written contract entered into between plaintiff and defendants in said original suit, or that they could have known it or should have known the condition of said suit and that plaintiff herein had been dropped from said litigation by said severance, and that he was in no manner bound by said final judgment in said original styled and numbered suit above referred to.

"By reason of all which this plaintiff says that he could not and did not discover said fraud or mistake, and could not have done so by the exercise of reasonable diligence, but that he did exercise every reasonable care and diligence that a reasonably cautious man would have exercised under similar conditions and circumstances. Plaintiff represents that said written contract is in possession of defendants and notice is here given to produce the same, or secondary evidence will be offered of the contents.

"Wherefore plaintiff shows to the court that defendants are justly indebted to him and that he has been damaged in the sum of $500 by reason of said false and fraudulent representations and by reason of said mistake of fact as hereinbefore set out; and plaintiff prays that he have judgment against defendants, they having already appeared and answered herein, for the sum of $178.48 with six percent interest from August 28, 1900, and for the sum of $74.38 with six percent interest per annum from September 28, 1900, and for all costs in this behalf expended, and for general and special relief, in law and equity, that in the opinion of the court plaintiff is in any manner entitled to, as in duty bound will ever pray."

*Opinion.*—Appellant's sole assignment of error questions the correctness of the ruling of the court below in sustaining appellees' special demurrer to his petition setting up the statute of limitation of two years as a bar to a recovery under said petition, and he presents under said assignment the proposition that "the statute of limitation does not begin to run in a case of fraud or mistake until the fraud or mistake is discovered, or would have been discovered by the exercise of reasonable diligence." This proposition asserts a correct principle of law in the abstract, in the event the mistake is mutual, but does not apply to appellant's cause of action as made by his petition. In other words, the allegations of his petition do not show that the fraud or mistake upon which his claim is based would not have been discovered by the exercise of reasonable diligence before payment of the amount sued for or immediately upon making same. In our opinion the allegations of appellant's petition show the existence of a state of facts under which, if he had exercised reasonable diligence, he would have discovered the fraud and mistake alleged by him before making the payments alleged or immediately upon doing so.

We think the allegations of appellant's petition are practically the same as those embraced in the petition in the case of Alston v. Richardson, 51 Texas, 1, except as to the special confidential relationship alleged in the petition in this case as existing between appellant and appellees; and in that case it was, in effect, held that the petition was subject to special demurrer, upon the ground that the cause of action appeared from the allegations in the petition to be barred by the statute of limitation.

In the case of Bass v. James, 83 Texas, 110, our Supreme Court held that the confidence of the appellant in the integrity and veracity of appellee, who made the fraudulent and false representations upon which the former relied, did not relieve him from the exercise of reasonable diligence in discovering the fraud and falsity of such representations. There are no allegations of any concealment on the part of appellees of what was embraced in the court records, which were as accessible to appellant as to appellees.

Appellant's petition shows a good cause of action for the recovery of the money paid, but this right is not dependent upon the exercise of reasonable diligence in discovering the fraud or mistake which induced him to make such payments, but upon the equitable principle that a person will not be permitted to profit by his own fraud, and that

one party to a contract will not be permitted to secure an advantage over the other by the mutual mistake of the parties thereto, and, in effect, thereby obtain something for nothing. The general rule is that limitation begins to run from the time of the accrual of the cause of action, which in this case would be the date of the payment of the sums of money sued for. And in order for appellant to relieve himself from the effect of this rule, he would be required to show, not only that the payments were induced by fraud or mutual mistake, but that he had failed to discover such fraud or mistake after using reasonable diligence, until a date from which to the filing of the suit would be insufficient to complete the bar of the statute of limitation. Appellant's petition shows that the means and opportunity for discovering the fraud or mistake were accessible and present to him at the time of making the payments and immediately thereafter, and that he used no diligence whatever to avail himself thereof, but simply relied upon the confidence he reposed in the integrity and veracity of appellees. We do not think any of the characters of relationship alleged by appellant as existing between him and appellees important upon the question under consideration, as no act upon their part is alleged which operated to conceal from him the records containing the information or prevent his free access to them. As is in effect stated in the opinion in the case of Bass v. James, supra, we do not think it the policy of the law to make the operation of the statute of limitation dependent upon the confidence the party seeking to avoid it has in the integrity and veracity of the adverse party.

The judgment of the court below is affirmed.

*Affirmed.*