## HOLLAND v. ASHLEY.

(Court of Civil Appeals of Texas. Texarkana. June 26, 1913.)

1. COVENANTS (§ 46*)—WARRANTY—APPLICATION—SCOPE.

The usual covenants of warranty appearing in a deed apply only to the title conveyed, and do not guarantee the quantity of land.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. § 46; Dec. Dig. § 46.*]

2. LIMITATION OF ACTIONS (§ 39*)—CONVEYANCE OF LAND—DEFICIENCY OF QUANTITY—RECOVERY OF DAMAGES.

An action against a vendor to recover damages for alleged fraudulent representations as to the quantity of land conveyed was not within the statute providing a two-year limitation for fraud, but was within Rev. St. 1895, art. 3358, prescribing four years as the limitation for all actions not otherwise provided for.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 172, 190–211; Dec. Dig. § 39.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by W. C. Holland against J. W. Ashley. Judgment for defendant, dismissing the petition, and plaintiff appeals. Reversed and remanded.

Garnett & Hughston, of McKinney, for appellant. J. R. Gough, of McKinney, for appellee.

HODGES, J. On the 24th day of December, 1908, the defendant, J. W. Ashley, represented to the plaintiff that he was the owner of four tracts of land; the first containing 116 acres, the second 101 acres, the third 47⅔ acres, and the fourth 2⅛ acres. These tracts were situated in different surveys located in Hunt county, Tex. The plaintiff purchased the land, relying upon the representations that the four tracts mentioned contained in the aggregate 267 acres. On the date above mentioned the defendant, joined by his wife, executed a deed conveying the land, in which instrument it was represented that the four tracts contained an acreage of 267 acres. The deed is attached as an exhibit to the petition and made a part thereof. It is further alleged that a few days prior to December 24th—the exact date plaintiff could not state—the plaintiff and the defendant entered into a written contract for the possession of said land, in which it was stated and substantially represented and guaranteed, both orally and in writing, that the four tracts contained 267 acres; that the plaintiff purchased said land at an agreed consideration of $65 per acre, making a total of $17,355. The plaintiff subsequently surveyed and sold said land, and then ascertained that it contained only 258 acres, instead of 267. The value of the shortage is placed at $585. It is further alleged that the defendant knew that the land was short in acreage, or that, if he did not know it,

he could have ascertained that fact by the exercise of ordinary diligence; that the plaintiff did not know of, and did not discover, the shortage until about the 15th of September, 1911; that his failure to sooner discover that fact was due to the representation of the defendant that the tracts of land contained 267 acres, and his promise to have the land surveyed for the purpose of verifying his representations, but that on account of the press of business this was not done. The petition concludes with a prayer for judgment for the sum of $585 as the amount of damages sustained.

The deed is in the ordinary form of such conveyances. It describes four tracts; one for 116 acres, another for 101 acres, the third for 50 acres less 2⅓ acres, and the fourth for 2⅛ acres. Reference is made to other muniments of title contained in the deed records of Hunt county for a more specific description. The deed also contains a general warranty expressed in the usual form. The court sustained a special exception to the petition, on the ground that the cause of action appeared to be barred by the statute of limitation of two years. This is the only error assigned.

[1] It is conceded that if this statute is applicable this ruling of the court is correct, but that if either of the four-year statutes should govern the ruling is erroneous. It has long been the settled law in this state that the usual covenants of warranty appearing in such conveyances as this apply only to the title conveyed, and do not guarantee the quantity. Daughtrey v. Knolle, 44 Tex. 450; Weir v. McGee, 25 Tex. Sup. 20; Bennett v. Latham, 18 Tex. Civ. App. 403, 45 S. W. 934; Stark v. Homuth, 45 S. W. 761; Barnes v. Lightfoot, 26 Tex. Civ. App. 113, 62 S. W. 564; Webb v. Brown, 2 Posey, Unrep. Cas. 36.

[2] Appellant relies upon certain allegations in his petition as pleading the breach of a written contract of warranty as to the number of acres contained in the land conveyed. We doubt the sufficiency of that pleading to support that construction. When considered in its entirety, together with its exhibit, it is difficult to say that the petition does more than set up the breach of an ordinary contract of purchase, based upon representations of the vendor that the tracts conveyed aggregated 267 acres. But, whether the petition should be construed as setting up the breach of a written warranty as to the acreage or not, we think the court erred in holding that the statute of limitation of two years was applicable. We are of the opinion that the cause of action stated is one that falls within the provisions of article 3358, R. S., which prescribes four years as the limitation for all actions not otherwise provided for. Smith v. Fly, 24 Tex. 345, 76 Am. Dec. 109; Blount v. Bleker, 13 Tex. Civ.

App. 227, 35 S. W. 863; Daughtrey v. Knolle, supra.

The appellee insists that the cause of action stated is in legal effect a mere claim for damages founded upon fraud and deceit, and cites the case of Gordon v. Rhodes & Daniels, 102 Tex. 300, 116 S. W. 40, in support of the contention that two years is the limit. In that case the complaining party had been induced to purchase land which he claimed was worth much less than the price he paid for it. He alleged that he had been deceived by the false representations of the vendor as to the quality of the land and its location with reference to overflows. In answering the certified question propounded, the Supreme Court held that the cause of action there stated was a debt within the meaning of the statutes which fix the limitation for actions of that class not evidenced by any contract in writing at two years. That suit was one exclusively for damages, as such, resulting from the perpetration of a deception which caused the purchaser an injury. In other words, he alleged that a fraud was practiced which resulted in his financial loss. In such actions the injured party recovers only that which he has lost, not what he might have gained had the representations been true. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. This suit is in effect an action to recover back a part of the purchase price paid for the land, upon the ground that the money was procured by fraud on the part of the vendor and a mistake on the part of the purchaser as to the number of acres contained in the field notes of the land purchased. The purchaser paid no more than he agreed to pay, and received a good title to all the land described in his deed. Consequently he cannot claim that there has been a breach of the contract. But according to his allegations he was induced by the fraudulent representations of his vendor to agree to pay for a greater number of acres than he obtained a title to. It is true he may be classed as the victim of a fraud, if the averments of his petition be correct; but in order to be made whole he must be relieved from the terms of his written agreement. His contract of purchase must be constructively reformed, so as to express the true intent of the parties.

In the case of Conn v. Hagan, 93 Tex. 334, 55 S. W. 323, our Supreme Court, quoting from Mr. Pomeroy, uses this language: "Where there has been a mistake of one party, accompanied by fraud or other inequitable conduct of the remaining party, the instrument may be made to conform to the agreement or transaction entered into according to the intention of the parties." In Smith v. Fly, Justice Wheeler, in discussing the remedy for shortage in acreage, says: "The plaintiffs' case is one where the remedy is for equitable relief, upon the ground of

mistake." The facts of that case are very similar to those here involved, and the court applied the law of limitation that governed suits in law for the recovery of money paid by mistake. But that was previous to the enactment of the present statute covering generally all actions not otherwise provided for. The court seems to have followed the rule usually observed in courts of equity, in the absence of any express statutory limitation, and adopted by analogy the period of limitation applicable to similar actions at law. There is little doubt that the provisions of article 3358 would have been applied in that case, had they been in force. In Blount v. Bleker, supra, Justice Williams, in discussing the same question, says: "But if the action were regarded simply as an appeal to equity to recover, on account of gross mistake, for a material deficiency in the quantity of land, we do not think the two-year statute would apply." This decision is referred to in the case of Gordon v. Rhodes & Daniels by the same distinguished judge, who was then a member of the Supreme Court; but it is not overruled nor criticised in a way to indicate disapproval of the ruling made upon the facts there involved.

It appearing from the face of the petition that this suit was filed within less than four years from the time the cause of action accrued, the court erred in sustaining the exception and in dismissing the cause.

The judgment is therefore reversed, and the cause remanded.