## HOHERTZ v. DURHAM. (No. 6231.)

(Court of Civil Appeals of Texas. Austin. June 23, 1920. On Motion for Rehearing, Oct. 13, 1920.)

1. **Vendor and purchaser ⚌165 — Equity grants relief for mutual mistake as to quantity.**

Equity will grant relief for a material deficiency in the quantity of land sold resulting from mutual mistake, as well as in cases of fraud.

2. **Limitation of actions ⚌96(2)—Runs only from time mistake was or should have been discovered.**

Limitation against recovery for deficiency in land sold due to mutual mistake begins to run only from the discovery of the mistake or from such time as by the use of reasonable diligence it ought to have been discovered.

3. **Limitation of actions ⚌192(3) — Petition held to raise jury question as to diligence in discovering deficiency.**

A petition to recover for the deficiency in land conveyed to plaintiff which alleged that he discovered the mistake as to the quantity of land just before he began the action, that he relied upon the representations of defendant and upon the assurances of the county surveyor that the tract contained the quantity of land stated, that he had requested the surveyor to resurvey the land, which the latter refused to do because he claimed to know the quantity, *held* sufficient to raise a question for the jury whether plaintiff was excused from having an earlier survey of the land made, so that it was error to dismiss the petition because recovery was barred by limitations.

4. **Limitation of actions ⚌96(2)—Statements by surveyor may excuse failure to discover mistake.**

Statements made by the county surveyor to the purchaser after the transaction was completed, and which were not binding on the vendor, may nevertheless be sufficient to excuse the purchaser's failure to discover mistake in the quantity of land purchased so that his right to such recovery will not be barred by limitations.

5. **Limitation of actions ⚌39(2)—Four-year statute applies to action for mistake as to quantity of land.**

The four-year statute of limitation, and not the two-year statute, applies to an action to recover for deficiency in land conveyed resulting from mutual mistake of the parties as to the quantity of land.

### On Motion for Rehearing.

6. **Appeal and error ⚌854(3)—Correct ruling on demurrer for wrong reason not reversed.**

If the court's ruling on a demurrer was correct for a reason different from that stated therein, the judgment based thereon will not be reversed.

7. **Vendor and purchaser ⚌349—Petition held to support recovery for damages for deficiency in land exchange.**

A petition to recover for the deficiency of land received by plaintiff in exchange for his land, which alleged the value per acre of the tracts received and given in exchange and the total consideration given by plaintiff, as well as the acreage represented and actually received, sufficiently alleges that the land received was of less value than that given so as to furnish a basis for recovery of damages.

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Suit by G. A. Hohertz against P. P. Durham. Judgment for defendant on sustaining demurrer and exceptions to the petition, and plaintiff appeals. Reversed and remanded.

H. E. Chesley, of Hamilton, for appellant.
Arthur R. Eidson, of Hamilton, for appellee.

BRADY, J. Appellant brought this suit for rescission of an executed contract for the exchange of lands; his original petition having been filed on the 12th day of June, 1919. Subsequently he filed an amendment, seeking rescission in one count, and in the alternative for damages on account of deficiency in acreage of the land conveyed to him. The date of the deed is August 24, 1912.

In the amended petition appellant alleged that he purchased from appellee 336 acres of land in Hamilton county, Tex., in a sale by the acre, at the agreed price of $35 per acre, and that the tract was represented by appellant and his agent to contain 336 acres, whereas the land actually received by him

contained but 281.45 acres. He further alleged that the deficiency in the amount of acreage ,was the result of a mutual mistake, and that he did not discover the mistake until about the middle of April, 1919.

To the amended petition appellee answered by general demurrer and special exceptions to the effect that it affirmatively appeared from the allegations of the' petition that plaintiff's cause of action was barred by the two and four year statutes of limitation. He also filed other pleas to the merits, which it is unnecessary to state.

The trial court sustained the general demurrer and special exceptions, upon the ground that appellant had lost his right to rescission, because the parties could not be placed in statu quo, and upon the further ground that the alternative relief could not be granted because barred by the statutes of limitation. Upon such rulings the court dismissed the action.

As facts excusing appellant's failure to 'sooner discover deficiency in the quantity of the Hamilton county land, he alleged, in substance, that he had no knowledge of any fact or circumstance to put him upon notice, or to excite suspicion or inquiry until about the middle of April, 1919, and especially: That, at the time of the purchase of that tract, he resided in Archer county, Tex., about 200 miles distant, and had never seen or been upon the Hamilton county land but one time, in the month of April, 1912, when same was shown to him by appellee's agent preliminary to the sale. That the negotiations thus commenced were finally consummated in August, 1912, at both which times appellee and his agent innocently and in good faith represented to appellant that the tract contained 336 acres. That appellee then lived upon the Hamilton county land, which he had owned and resided upon for several years prior thereto. That appellant relied upon the representations of appellee as well as those made by his agent, who also resided in Hamilton county, and was actively engaged in buying and selling real estate, maintaining an office for that purpose. That, in addition to such representations, appellant sought competent legal advice in Archer county, and was advised by his attorney that the deed tendered by appellee to the Hamilton county land did not purport to give the measurement of any of the meanders of two streams forming a part of the boundaries, and that therefore no definite calculation could be made as to the quantity. That his attorney, for the purpose of obtaining authentic information as to the area of the land, took up the matter with the county surveyor of Hamilton county, and prior to the consummation of the trade was informed by letter from that official that the tract had been found by actual measurement to contain 336 acres, which appellant believed and relied upon until the eve of the filing of this suit. That appellant had never dealt extensively in land nor been a large landowner. That, in acquiring his Archer county land, it was discovered that a shortage of 5 acres existed, and he had received a credit upon his unpaid purchase-money notes for such deficiency. That he moved on the Hamilton county land about January 1, 1913, and twice during that year, and while four of his purchase-money notes given to appellee remained unpaid, and having in mind his Archer county experience, he requested the county surveyor of Hamilton county to make another survey, with a plat and full set of field notes. That on each occasion he was assured by the county surveyor that the tract contained the full amount of 336 acres, and that, while he could make a map or plat of the land, and could go upon the ground and show plaintiff the corners thereof, there was no necessity to make, and he ,would not make, a further survey, because he knew the quantity was as stipulated in the deed from appellee to appellant. That during . 1914, and while three of the purchase-money notes were still unpaid, he again requested the county surveyor to make a survey, and was informed by that official that during his incumbency of the office he had made nine different surveys and measurements of the land in question, and again assured and convinced appellant that he had his full amount of 336 acres. He further pleaded that he had no cause to doubt these statements of the county surveyor until April, 1919, but implicitly relied upon the same, and paid the purchase-money notes in reliance thereon, as well as upon the statements of appellee and his agent. He explained the discovery of the shortage in April, 1919, by the fact that he had sold a portion of the land to another party a few months prior thereto, and had that portion surveyed, and at the same time employed the surveyor, who had recently moved into the county, to make a survey of the entire tract, showing the quantity left after deducting the part sold by him. That about the 15th day of April, 1919, he was informed by the surveyor that the work was completed, and showed the entire tract contained but 281.45 acres. That he had always rendered the land as containing 336 acres, and paid taxes on that amount during his ownership of the land. He further alleged: That the county surveyor had been in office nearly 40 years, and had always been regarded as a competent, efficient, and accurate land surveyor. That he was getting to be an old man, without education, having only attended school two days in his life, and was unable to understand field notes or make computations involving land measurements. That the Hamilton county land is very irregular in shape, two streams forming part of its boundaries, with numerous and irregular meanders, as shown by the

map attached to his petition. That the land was also heavily timbered, and so situated that its area could not be judged by ordinary observation, or by stepping or estimating the same.

### Opinion.

On this appeal appellant has conceded his loss of the right of rescission, so that the sole question presented for our decision is the correctness of the trial court's ruling that the appellant's cause of action appeared on the face of the petition to be barred by the statutes of limitation.

[1, 2] It is now settled law in this state that equity will grant relief, in a case of mutual mistake, for a material deficiency in the sale of land, as well as in cases of fraud. It is also an established doctrine that limitation will not begin to run until the discovery of the mistake, or until such time as, by the use of reasonable diligence, it ought to have been discovered.

[3] The petition unequivocally alleges the mutual mistake, a material deficiency in the land conveyed, and the failure of appellant to actually discover the same until a few days prior to the filing of his suit. The failure to sooner discover is excused by the averments of the petition set out in the statement of the case. It is obvious that appellant could have ascertained the exact quantity in the tract by having an actual survey made. In our opinion, however, he has alleged facts which, if true, would at least make it a question for the court or jury, as the case may be, to determine whether appellant, in all the circumstances, has used such diligence as an ordinarily prudent person would have exercised, or has excused the failure to sooner have a survey made.

In support of our conclusion that this is a question of fact rather than one of law arising from the face of the petition, we cite the following authorities: O'Connell v. Duke, 29 Tex. 300, 94 Am. Dec. 282; Oldham v. Medearis, 90 Tex. 508, 39 S. W. 919; Isaacs v. Wright, 110 S. W. 971; Barton v. Cox, 176 S. W. 793; Smalley v. Vogt, 166 S. W. 1; Gillispie v. Gray, 214 S. W. 730; Cox v. Barton, 212 S. W. 652.

[4] Counsel for appellee insists that appellant has not alleged facts excusing his failure to have a survey made, or to sooner ascertain the deficiency, and especially urges that no new or continued misrepresentations were made by appellee after the consummation of the trade. It is insisted that appellee is not responsible for the statements and representations of the county surveyor, and is not bound thereby.

The answer, it seems to us, is that this is not a case depending upon continued fraudulent misrepresentations, tending to lull appellant into security. It is a case of admittedly innocent misrepresentation, and of mutual mistake of the parties. If the statements made and assurance given by the county surveyor were as alleged, and a reasonably prudent person would have relied thereon and have foregone the making of an actual survey, appellant was as much entitled to rely thereon as if made by appellee himself, or by his authority.

In support of the trial court's judgment, appellee cites several decisions, which we will briefly consider and undertake to distinguish from the instant case:

In Smith v. Fly, 24 Tex. 353, 76 Am. Dec. 109, our Supreme Court held that where the complaining party could have had a survey made to discover the shortage in quantity, and gave no excuse for not having it done, he was guilty of inexcusable negligence, and that exceptions to such a petition were properly sustained. We think the gravamen of this decision is the failure of plaintiff to excuse his not having the land surveyed.

In Kuhlman v. Baker, 50 Tex. 636, the case was one of false representations by the vendor that he owned the title to the land, and would give the vendee a warranty deed. The conveyance was made, but was a quitclaim deed. After 17 years the purchaser discovered the mistake or defect. As an excuse for not sooner discovering, he merely alleged that he was illiterate, and that he had great confidence in the vendor, but did not even allege that the confidential relation had existed up to the time of discovery. The distinction seems to be obvious.

In Rowe v. Horton, 65 Tex. 93, there was a mistake in the field notes, upon a survey on partition agreement, resulting in an excess of 276 acres in a 676-acre survey. Relief was not sought until after 10 years. The court held that it was doubtful if the petition alleged any ground for relief in equity, but, if so, the claim was barred as a stale demand. The only excuse for delay in discovery in that case was that the land was in woods and river bottom, and remote from the residence of the plaintiff, but it was shown that he resided in the same county.

In Bass v. James, 83 Tex. 110, 18 S. W. 336, the purchaser relied upon his confidence in the veracity and integrity of the vendor, and alleged generally that he had no reason to suspect or know the shortage until he had the survey made 3 years later. The holding, based upon Smith v. Fly, supra, was that the action was barred because a survey would have disclosed the shortage. No specific reason was urged in that case to excuse the purchaser from having had a survey made.

Cox v. Barton, 212 S. W. 652, is another case cited by appellee. The Commission of Appeals sustained the finding of the Court of Civil Appeals to the effect that the mistake was a material one and so gross as to authorize equitable relief. Furthermore, the Commission sustained the action of the Court

of Civil Appeals in deciding as a matter of law that the plaintiff was entitled to relief, and that there was no evidence to sustain the finding of the jury that he was guilty of negligence. The representation in that case was the statement of the vendor's agent that he estimated the land to contain 100 acres, and that if a survey was actually made it would show an acreage of 102 or possibly 103 acres. Instead of this case being authority for appellee, we regard it as supporting appellant's contention.

It follows from what has been said that this case should be reversed and remanded for trial on the merits.

For the guidance of the court below, in the event of another trial, we call attention to the holding of the Supreme Court in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, and Cox v. Barton, supra, as to the proper measure of damages in this character of action.

[5] We are also of the opinion that the four-year statute of limitation applies to the case rather than the two-year statute. Gillispie v. Gray, 214 S. W. 730.

The judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

### On Motion for Rehearing.

A point not expressly raised in the brief is presented in appellee's motion for rehearing, and is urged as a reason requiring the affirmance of the judgment. It is now claimed that the trial court properly sustained the general demurrer, because the petition did not allege elements of damage required by the rule announced in George v. Hess, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456, Cox v. Barton, 212 S. W. 652, and other cases along this line. Specifically, it is insisted that there is no allegation in the petition which can be construed to mean that the property received by appellant was of less value than the property he conveyed to appellee, and that therefore no cause of action was stated.

[6, 7] While the judgment sustaining the general demurrer states other reasons, we recognize that, if the ruling of the trial judge was correct, it is immaterial that he stated untenable reasons for his conclusion. In our original opinion we recognized the rule established in the cases referred to, and, upon careful consideration of the question, we conclude that appellant's petition fairly meets such rule, and that the contention of appellee is without merit.

The petition alleges that the land of appellant involved in the exchange was at the time and has been at all times of the value of $30 per acre, and the value of appellee's land $35 per acre. Then follows the averment that appellant parted with considerations aggregating nearly $12,000.

Applying the standard of value per acre to the quantity of land actually received by appellant, it is shown that such value was nearly $2,000 less than appellee received in the exchange. Therefore we conclude that the petition does allege a cause of action, under the rule announced in the above cases, and that the motion of appellee should be overruled.

Motion overruled.