## GILLESPIE v. GRAY.  (No. 6552.)

(Court of Civil Appeals of Texas. San Antonio. April 30, 1921. Rehearing Denied May 26, 1921.)

1. Vendor and purchaser ⏚➔343(2)—Equity will relieve purchaser by acre, where quantity is fraudulently or innocently misrepresented by vendor or mistake is mutual.

Equity will relieve purchaser where, in the sale of land by the acre and not in bulk, the quantity is ·misrepresented by vendor, and the deficiency is so great as to be material and substantial, whether the misrepresentation is fraudulently or innocently made or the mistake is mutual.

2. Covenants ⏚➔47—Vendor and purchaser ⏚➔342—Purchaser's remedy for deficiency in acreage is equity action for damages, not suit on general warranty, which is of title and not quantity.

Where the quantity of land purchased by the acre was misrepresented by the vendor, the purchaser's appropriate remedy is an action in equity to recover damages by reason thereof and not a suit on the general warranty, as such warranty is of title and not of quantity.

3. Limitation of actions ⏚➔39(2)—Four-year statute applies to purchaser's action against vendor in equity for shortage in acreage represented.

The four-year statute of limitations applies to a purchaser's equitable action against a vendor for misrepresentation of the quantity of land purchased at a fixed price per acre.

4. Limitation of actions ⏚➔95(1) — Begins to run against claim for shortage when discoverable.

Limitations do not begin to run as to a purchaser's claim for shortage, until he discovers, or should by the exercise of ordinary diligence discover, the shortage.

Appeal from District Court, Bosque County; O. L. Lockett, Judge.

Action by H. Gray against Thomas L. Gillespie. Judgment for plaintiff, and the defendant appeals. Affirmed.

Holland & Holland, of Orange, and James M. Robertson, of Meridian, for appellant.
H. J. Cureton, of Meridian, for appellee.

SMITH, J. This is the second appeal of this case. 214 S. W. 730. In each of the two trials Gray obtained judgment, and for the same amount, and the questions raised here were practically all adjudicated in the first appeal. The case is fully stated in the former opinion, to which reference is here made for such statement in detail. It will be sufficient here to state, generally, that appellant owned the land in controversy, and in August, 1913, sold it to appellee, by the acre, at the agreed price of $100 an acre, upon appellant's express representation that

---

⏚➔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the tract conveyed contained 128 acres. The deed of conveyance described by metes and bounds an area of 128 acres, and appellee paid for 128 acres; but as a matter of fact appellant had title to and could actually convey only 114 acres. The 114 acres were within an old inclosure marking the boundary, while the remaining 14 acres included within the description in, the deed lay outside the inclosure. Appellant thought he owned and had title to the entire acreage described, and there being no bad faith involved, the error was purely a mistake into which all concerned were led. The high character and reputation of appellant, the manner of his representations about the acreage, all the circumstances surrounding and following the transactions, were such as prevented appellee, in the exercise of ordinary diligence, from discovering, until August, 1917, when he actually made such discovery, that there was a shortage in the acreage he had paid for. The difference between the value of the acreage appellee paid for, and the value of that to which appellant delivered title to him, was $1,400, which amount appellee recovered, with interest. The findings of the jury embrace the foregoing facts, which were fully supported by the evidence. The deed to the land was made on September 4, 1913, but appellee did not get possession until January 1, 1914. This suit was filed November 2, 1917.

[1, 2] Equity will grant relief to the purchaser where, in the sale of land by the acre, and not in bulk, the quantity is misrepresented by the seller, and the deficiency is so great as to be material and substantial. This is true, whether the misrepresentation is fraudulently made, or innocently made, or the mistake is mutual among the parties to the transaction. This is now well settled in Texas. Here appellant represented the land sold to embrace 128 acres, and that it was embraced in an old inclosure, and that this inclosure marked its boundaries. He believed there were 128 acres in the inclosure. He originally purchased the land, and had always held it, in that belief. These circumstances, in fact, gave that much more force to his representations. But the result was the same as if he had made the representations in the utmost bad faith, and with the deliberate purpose of defrauding appellee out of the price of the undelivered acreage. A suit in equity to recover his damages was available to the purchaser in either case. Suit upon the general warranty would not lie, as such warranty is of title, and not of quantity. Daughtrey v. Knolle, 44 Tex. 450; Holland v. Ashley, 158 S. W. 1033, and authorities there cited. Appellee adopted an appropriate remedy when he brought an action in equity to recover the damages accruing to him by reason of the deficiency in acreage. Gillespie v. Gray, 214 S. W. 730; Brown v. Yoakum, 170 S. W. 803, and authorities there cited.

[3, 4] The four-year statute of limitations applies in actions of this character. Gillespie v. Gray, supra; Hohertz v. Durham, 224 S. W. 549; Holland v. Ashley, supra; Blount v. Bleker, 13 Tex. Civ. App. 227, 35 S. W. 863; Isaacks v. Wright, 50 Tex. Civ. App. 312, 110 S. W. 970. Such limitation does not begin to operate until the purchaser discovers, or should discover in the exercise of ordinary diligence, the shortage in acreage, and the jury in this case found, upon what we hold to have been sufficient evidence, that the plaintiff in the exercise of ordinary care did not discover the deficiency until within three months of the date of the institution of this suit. Brown v. Yoakum, supra, and authorities there cited.

The measure of damages in this case was defined by the trial court in its charge to the jury to be "the difference between the value of the property as sold, and the value of the property as actually received by" appellee. As appellant does not complain of the form or substance of this charge, we will not discuss it, or express any opinion as to whether or not it correctly states the true measure of damages applicable to actions of this nature, the latest authoritative definition of which seems to be that set out in Vogt v. Smalley (Com. App.) 210 S. W. 511, as follows:

"The correct rule is that plaintiff's damage is measured by the difference between the price paid by him for the land which it was represented that he was receiving by his deed of conveyance and the value of what he actually received as of the date of his purchase, with interest."

The conclusions we have set out require us to overrule all of appellant's assignments of error, and affirm the judgment of the court below.

Affirmed.