## G. B. HARRIS v. F. A. FLOWERS ET AL.

Decided October 18, 1899.

**1. Pleading—Limitations—Mistake in Deeds.**

Where, in an action to correct a mistake in the descriptive calls in a deed, plaintiff's pleadings allege that there was nothing to put either of the parties on notice of the mistake, and that no discovery thereof was made by any of them until within less than a year before the action was brought, a demurrer on the ground that the action was barred by the four years statute of limitations was not tenable.

**2. Charge of Court—Request.**

Where the court's charge states one phase of the question upon which a verdict should be found for defendant, if there is another phase of the same question warranting a finding for defendant, an omission to charge thereon will not be reversible error in the absence of a request for such further charge.

**3. Same—Burden of Proof.**

Where the court, at the conclusion of the charge, instructs generally that the burden of proof is on plaintiff, an omission to specifically charge that the burden was on him as to a given phase of the case is not reversible in the absence of a request for such charge.

APPEAL from McLennan. Tried below before Hon. MARSHALL SURRATT.

*Boynton & Boynton,* for appellant.

*John W. Davis,* for appellees.

COLLARD, ASSOCIATE JUSTICE.—This suit was brought by amended petition filed November 28, 1898, by F. A. Flowers and R. J. Flowers against G. B. Harris and J. W. Kincannon, to correct mistake in deeds, alleging that R. J. Flowers owned certain three tracts of land containing 302 acres (all described in one set of field notes) on December 2, 1892, and also another tract of —— acres on the north and adjoining the three tracts, which tract was on the date aforesaid sold to J. W. Kincannon, the land described in the deed, by mistake, making the last line run from Overmann's S. E. corner E. 30 N. 701½ vrs. in a direct line to the beginning, the mistake arising from calling for the beginning corner 103 vrs. too far south on the east line of the Flowers land; that the land really sold to Kincannon commenced on the east line of the Flowers land at a point from which an elm, 18 inches in diameter, bears N. 62 E. 33 vrs. being N. 28 W. 320⅔ vrs. from the E. Tom Cox corner, made by J. E. Masters, running thence N. 28 W. 948½ vrs.; thence N. 62 W. 679⅔ vrs. to corner made for Flowers and R. A. Miles; thence S. 6 E. 510 vrs. to Overmann's N. W. corner; thence S. 61 E. 476½ vrs. to Overmann's S. E. corner; thence in a straight line to the place of beginning, about 701½ varas.

That the first corner should have been up the east line of Flowers' tract as far as the elm tree, but by mutual mistake was placed 103 varas south of the same. That in November, 1895, R. J. Flowers sold

the remainder of the land, three surveys, to F. A. Flowers by deed calling to begin at the southeast corner of the tract sold to Kincannon, by mistake following the error made in the field notes of the deed to Kincannon, and that it should have commenced at a point N. 28 W. 320 vrs. from the E. Tom Cox corner in the east line of the Flowers land from which the elm tree 18 inches in diameter bears N. 62 E. 32 vrs. That about February 5, 1898, the mistake was discovered and R. J. Flowers executed a new deed to F. A. Flowers, correcting the mistake, having the north line to intersect the Flowers east line opposite the elm tree. That Kincannon sold to Harris, September 9, 1893, making the same mistake. That in the sales the parties thought the line ran to the elm tree corner; and that the line was actually run to the elm tree corner, and Harris only intended to buy the land actually sold to Kincannon, the mistake giving Harris about six acres of land too much. The suit is for the six acres of land and to correct the deeds.

Defendant Harris answered by demurrers—three special demurrers; general denial; plea of not guilty; plea of limitation of four years to correction of the deeds; an allegation that the line contended for by Harris had been adopted by agreement of F. A. Flowers and Harris, and that Harris paid Kincannon a valuable consideration for the land without notice of the alleged mistake. Kincannon answered, admitting the mistake alleged in the deeds to him.

Appellees filed a trial amendment and alleged: that when said land was sold by R. J. Flowers to Kincannon, no part of the same was surveyed except the south line; that the beginning corner made to be 217½ varas from a corner made for E. Tom Cox was not surveyed, nor is said corner now or was it at that time a marked corner, but that Harris or whoever made the field notes called for the said corner without measuring the same, and must have gotten the calls from other deeds, and in so doing made a mistake not known to any of the parties until the 1st of January, 1898; that the fixing of the field notes and the writing of the deeds was intrusted by R. J. Flowers and Kincannon to Harris, who either himself wrote the deed or furnished the field notes to the party who did write it; that appellees and Kincannon did not know but what the 217½ varas called for from Cox's corner aforesaid would make the beginning point at the point intended as aforesaid; that Kincannon only went into possession of and claimed the land up to the time he sold to Harris down to the elm tree corner; and that Harris, after he purchased it from Kincannon, only went into possession of and claimed the line down to the said elm tree corner, until a few months before this suit was instituted; that therefore *there was nothing to put any of the parties on notice that there was any error in the field notes or either deed;* that the course to the elm tree corner is about correct, as made from Overmann's southeast corner by the deed, and if the last call in said deeds depended entirely upon the course and distance as called for, it would be correct and there would be no mistake; but it also calls for the beginning corner, which being unknown to the par-

ties, they could not ascertain the mistake unless they had had it surveyed, and there being no occasion for the surveying, all parties recognizing the elm tree corner as the true one, appellees can not be chargeable with notice of said mistake or anything to put them on notice, until the last of December, 1897.

There was a jury trial and the following verdict returned: "We the jury find for the plaintiff;" and judgment was rendered for R. J. and F. A. Flowers, correcting the mistake in the deeds to Kincannon and Harris, and for F. A. Flowers against Harris for title and possession of the six acres of land, from which, after motion for new trial was overruled, defendant Harris appealed.

*Findings of Fact.*—R. J. Flower owned all the land as alleged and sold the lower three surveys in one tract to F. A. Flowers, November 4, 1895, and sold to Kincannon the upper tract, December 26, 1892; and Kincannon sold the same to defendant G. B. Harris, September 9, 1893.

The alleged mistake was proved as alleged, and proof was made that the land actually sold to Kincannon began and closed at the elm tree corner, and that the line closing the survey was actually run at the time of the sale, pursuant to an agreement made by the parties as to where the line should run. Dr. Harris, defendant, bought from Kincannon, understanding that the south line ran to the elm tree corner, taking in none of the six acres now claimed by him.

On the second day of January last before the trial Dr. Harris stated to Flowers, the plaintiff, that he had lately found out the line ran down below the elm tree corner, according to the deeds. We find that none of the parties discovered the mistake in the deeds two years before this suit was filed. Dr. Harris testified that his attention was first called to the matter that the deeds called for more land than he claimed when he was called on to pay back taxes, and that he found it out in April, 1896. We find that it was not earlier than that date when he learned the fact. Flowers did not know of the mistake until December, 1897, and there was nothing to put any of the parties upon notice of the mistake until it was discovered by them respectively. After the sale to Harris and to Flowers the fence between them was built, both building a part of it. It ran to the elm tree corner, and both parties cultivated to that line.

*Opinion.*—Appellant first contends by assignment of error that his second special exception to the petition should have been sustained, because the petition and trial amendment show that the cause of action was barred by the statute of limitation. The exception referred to invokes the four years statute of limitation. An inspection of the petition and trial amendment shows that there was nothing to put the parties upon notice of the mistake sought to be corrected, and that the discovery was not made by any of the parties until about the 1st of January, 1898.

According to the plaintiff's pleadings, there could have been no bar by the statute.

The second error insisted on is claimed to be in the following part of the court's charge: "If you find there was such mistake in the first deed, and that the corners and lines were actually established on the ground, and you believe from the evidence that Harris, when he purchased, did not know that the lines and corners had been so established on the ground, or having no knowledge of the mistake in the deed, if any, did not purchase understanding and believing that said line was the southern boundary of the land he was so buying, and that he accepted said deed without knowledge of the lines and corners actually established and without knowledge of the mistake in the deed, if you find there was any, then you will find for the defendant."

It is insisted that there is error in the charge quoted, for the reason that the jury are instructed that they must find affirmatively that Harris did not know of such mistake when they should have been instructed to find for the plaintiff only if they found there was such mistake, and affirmatively that Harris did have notice thereof; the burden of proof of notice was on plaintiff.

The court's charge stated one phase of the question upon which a verdict should have been found for defendant, and if there was another phase of the same question upon which the verdict should have been for defendant, a charge should have been requested upon the point. Beazley v. Denson, 40 Texas, 434; Cockrill v. Cox, 65 Texas, 669. It has been frequently decided, and it is a familiar rule, that a mere omission in the charge will not be cause for reversal, unless a special charge be requested. 64 Texas, 579; 66 Texas, 278; 72 Texas, 273; 66 Texas, 265.

We can not say in this case that it was error to fail to charge more specifically than was done that the burden of proof was upon the plaintiff. The court did, at the conclusion of the charge, instruct that "the burden of proof rests upon plaintiff to establish the facts relied on for a recovery by a preponderance of the evidence." Blum v. Strong, 71 Texas, 322; Stooksberry v. Swan, 85 Texas, 565.

We believe none of the assignments of error relied on for reversal should be sustained. The judgment is affirmed.

*Affirmed.*