VOGT v. SMALLEY. (No. 45-2707.)

(Commission of Appeals of Texas, Section B. April 2, 1919.)

FRAUD ⬳59(3)—DAMAGES.

Damage for vendor's misrepresentation as to acreage in tract sold at an agreed price per acre is measured by the difference between the price paid by purchaser for the land which it was represented he was receiving by his deed and the value of what he actually received as of the date of his purchase, with interest.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Suit by F. J. Smalley against Gus Vogt. There was a judgment of the Court of Civil Appeals (166 S. W. 1), reversing a judgment in favor of defendant, and defendant brings error. Judgment of Court of Civil Appeals affirmed.

W. D. Love, of Uvalde, for plaintiff in error.

Wilson & Hamilton, of Port Lavaca, for defendant in error.

SADLER, J. For convenience the parties will be designated as in the trial court.

Plaintiff, F. J. Smalley, sued in the district court to recover from defendant, Vogt, damages on account of a shortage in the number of acres of land which he had purchased from defendant. The petition alleges: That in 1906 plaintiff purchased 624 acres of land from defendant, paying therefor $9,000. That the land was purchased by the acre at $15 an acre for 600 acres, 24 acres being thrown in as an inducement to the trade. That by reason of fraud on the part of the defendant, and a surveyor who acted for defendant, the plaintiff only received 544 acres, being 80 acres short of the amount represented by defendant and his agent, and represented as being contained in the description of the land in the deed of conveyance. Plaintiff alleges that he did not discover the fraud until 1913, a short time prior to the filing of this suit. He sets out wherein the fraud consisted, and also the reasons for failure to discover earlier. He seeks to recover $1,200 damages occasioned by the fraud.

On the trial before the court on the law of the case, defendant presented a general demurrer and six special exceptions to the petition. The general demurrer and the sixth special exception were overruled, but the first, second, third, fourth, and fifth special exceptions were sustained by the court, and, the plaintiff declining to amend, judgment was entered dismissing the action, from which judgment an appeal to the Court of Civil Appeals for the Fourth District was duly prosecuted by the plaintiff, assigning the errors of the court in sustaining the special exceptions. Defendant likewise filed cross-assignments to the action in overruling the general demurrer and the sixth special exception.

The Court of Civil Appeals reversed the judgment of the lower court and remanded the cause for trial. 166 S. W. 1. The defendant filed a motion for rehearing, urging errors by the Court of Civil Appeals in reversing the judgment of the lower court in the matters complained of by plaintiff and in overruling the cross-assignments. In the opinion on rehearing, overruling the motion, the Court of Civil Appeals declared:

"The measure of damages in this case is the amount paid by appellant for the land which he failed to get. The value of the deficit was $1,200, and to that sum he is entitled, regardless of the increased value of the other land."

Writ of error was granted in the view that this was not the correct measure of damages in a case growing out of fraud.

Opinion.

A consideration of plaintiff's pleadings and of the judgment of the Court of Civil Appeals satisfies us that the disposition made of the cause by that court is correct. However, if viewed in the light of a general statement of the law, the pronouncement

made with reference to the measure of damages is incorrect.

The defendant contends that the measure of plaintiff's damage in the instant case is the difference between what the plaintiff paid for the land and the value of the land actually obtained. With a slight modification, this is a correct statement of the rule applicable in cases of this character.

The correct rule is that plaintiff's damage is measured by the difference between the price paid by him for the land which it was represented that he was receiving by his deed of conveyance and the value of what he actually received as of the date of his purchase, with interest. George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456.

Defendant contends that plaintiff's petition is insufficient to sustain such recovery. We think differently. Plaintiff in the twentieth paragraph of his petition alleges:

"That the purchase by plaintiff of defendant of said 624 acres of land was a purchase by the acre, and not in gross. That plaintiff paid defendant in full for 624 acres of land. That in so doing he paid defendant for 80 acres of land that plaintiff did not get. That said land was worth $15 per acre, and plaintiff paid defendant for it $15 per acre, $1,200. That plaintiff paid to defendant, by reason of defendant's fraudulent conduct and fraudulent representations, $1,200 more than the value of the land conveyed by defendant to plaintiff. That defendant still retains said $1,200, * * * above and beyond the actual value of the land conveyed to plaintiff by defendant herein."

Simplifying this pleading it is that the land received by the plaintiff was only of the value of $7,800 when conveyed to and paid for by him, that he paid $9,000 for it, and that thereby he was damaged in the sum of $1,200. The pleading is sufficient to authorize the submission of the cause to the jury, and to admit proof in accordance with the rule governing this action as to recoverable damage.

The judgment of the Court of Civil Appeals, reversing and remanding the case, should be affirmed, and the court below should be governed in the submission of the measure of damages by the rule as here announced.

PHILLIPS, C. J. The writ of error was granted in this case solely on the question of the measure of damages, and on the authority of George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. That decision furnishes the proper rule in cases of this character. The Court of Civil Appeals having, for a proper reason, reversed the trial court judgment and remanded the cause for another trial, its judgment to that effect will be affirmed, as recommended by the Commission of Appeals.