### BILLINGSLY et al. v. JEFFERIES.
### (No. 6552.)

(Court of Civil Appeals of Texas. Austin. March 7, 1923. Rehearing Denied April 4, 1923.)

1. **Venue �köⁿ41—Court of county in which one defendant was resident entitled to retain jurisdiction.**

Where one of two defendants was a resident of the county in which the action was brought, in the absence of a showing that he was fraudulently joined to confer jurisdiction, the other defendant cannot have the case removed to the county in which he was a resident.

2. **Fraud ⊙58(1)—To recover for shortage there must be proof of value of land.**

A judgment for purchaser of realty obtaining less than the agreed acreage cannot be sustained, in the absence of proof of the value of land obtained and of the value of the land lost.

3. **Fraud ⊙59(3)—Measure of damages for acreage shortage stated.**

The measure of damages for an acreage shortage is the difference, if any, between the value of the land which purchaser obtained and the purchase price.

Jenkins, J., dissenting in part.

Appeal from District Court, Hamilton County; J. R. McClellan, Judge.

Action by J. W. Jefferies against H. J. Billingsly and another. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

A. R. Eidson and H. E. Chesley, both of Hamilton, for appellants.
P. M. Rice and Dewey Langford, both of Hamilton, for appellee.

#### Findings of Fact.

JENKINS, J. J. B. Billingsly formerly owned three tracts of land in Hamilton county, one tract containing one acre, one tract

(255 S.W.)

10 acres, and the other tract supposed to contain 189 acres. These tracts adjoined each other, and were occupied by J. B. Billingsly as his homestead and as one tract. For the purpose of raising money, J. B. Billingsly deeded this land to his brother, H. J. Billingsly, receiving, in part payment therefor, a vendor's lien note for the sum of $2,800, which he sold to a party who was not aware that the transaction was not bona fide. It was agreed between J. B. and H. J. Billingsly that the deed referred to should not in fact convey any beneficial interest to H. J. Billingsly, and that he would execute a deed to the 200 acres to any one to whom J. B. Billingsly should sell the land. J. B. Billingsly sold the land to appellee, representing to him that it contained 200 acres, 3 acres of which had been sold to a church, leaving the net amount 197 acres. It was not made to appear that J. B. Billingsly knew at the time this sale was made that the two tracts did not contain 200 acres. Appellee relied upon the representation of J. B. Billingsly that the three tracts together contained that amount of land, and paid therefor the sum of $8,000. After the contract of sale was concluded between J. B. Billingsly and appellee, they went to H. J. Billingsly, who was informed that the land had been sold to appellee, and he was requested to execute a deed to the same. He complied with this request and executed a deed to appellee, in which it was stated that one tract contained 1 acre, one tract 10 acres, and the other tract 189 acres. The land was afterwards surveyed, and it was found that in the tract which was supposed to contain 189 acres there was a shortage of 84 acres. Appellee brought suit against both of the appellants to recover for said shortage, alleging that he purchased the land by the acre, at the price of $40.60 per acre.

Appellant, J. B. Billingsly, filed a plea of privilege to be sued in Val Verde county, which was overruled, and the case proceeded to trial upon its merits. The case was submitted to the jury upon special issues. The jury found in favor of appellee and awarded him as damages the sum of $2,500 against both appellants. Appellants, by their appeal, bring before this court the action of the trial court in overruling the plea of privilege, and also, under appropriate assignments, seek to reverse the judgment on its merits, on account of alleged errors in the trial of said cause.

## Opinion.

[1] Appellant contends that the court erred in overruling his plea of privilege, and that we should reverse this case and send it to Val Verde county. We do not agree with this contention. Appellant's plea of privilege alleged that he was one of two defendants. He attached a copy of the original petition to his plea of privilege, which alleged that the other defendant was a resident of Hamilton county. His plea did not deny this fact, and did not allege that the other party was made a defendant for the fraudulent purpose of conferring jurisdiction on the district court of Hamilton county. Plaintiff's controverting affidavit alleged that the other defendant was a resident citizen of Hamilton county. Such being a fact, the district court of Hamilton county had jurisdiction to try this cause.

The judgment was against both J. B. and H. J. Billingsly. Plaintiff alleged fraudulent representations on the part of both defendants. The evidence is insufficient to show any fraudulent representations on the part of J. B. Billingsly; for which reason this case must be reversed as to him.

[2] The court submitted two theories upon which appellee might recover damages—one was upon the number of acres in the deficiency, multiplied by the average price per acre; the other was as to the amount of damage suffered by appellee, in the event the land was sold in gross and not by the acre. The verdict of the jury, as indicated by the amount, was not upon the average price per acre. There is no evidence upon which the judgment can be sustained upon the other theory, as there was no proof as to the value of the land acquired under the deed, and no proof as to the value of the particular land lost to appellee; for which reason this case must be reversed as to both parties.

[3] Upon another trial of this cause, the issue will be presented as to what is the proper measure of damages. The majority of this court feel constrained to follow the decision in Vogt v. Smalley, 210 S. W. 511, by the Commission of Appeals, and approved by the Supreme Court. The measure of damage as held in that case is the same as was held in George v. Hesse, 100 Tex. 44, 93 S. W. 107, 8 L. R. A. (N. S.) 804, 123 Am. St. Rep. 772, 15 Ann. Cas. 456. In other words, appellee's measure of damages is the difference, if any, between the value of the land which he obtained under his deed and the purchase price paid by him.

The writer of this opinion dissents from this view, and is of the opinion that we ought not to follow the decision in Vogt v. Smalley. My reasons for this conclusion are as follows: The case of George v. Hesse did not involve a shortage in the land purchased. The purchaser received what he bought, but it was alleged that by reason of the vendor's having fraudulently represented that there was a flowing well on the land, it was not as valuable as it would have been had said representation been true. I think the decision in George v. Hesse was correct as applied to the facts of that case; that is to say, when a purchaser gets what he bought, but it is of less value than it was represented to be, his measure of damages is the de-

creased value of the thing purchased. I do not think this doctrine is applicable where the purchaser did not obtain all that he bought. In such case, I think his measure of damage is the value of the thing that he purchased but did not get. My views as to the proper measure of damages in case of shortage in the acreage, where land is sold by the acre, is concisely expressed by Chief Justice Fly of the Fourth Court of Civil Appeals, in Smalley v. Vogt, 166 S. W. 2, as follows:

"The measure of damages in this case is the amount paid by appellant for the land which he failed to get. The value of the deficit was $1,200, and to that sum he is entitled, regardless of the increased value of the other land."

I will amend this statement by eliminating the word "increased." It seems to me that this statement as to the proper measure of damages is so evident and equitable that it needs neither authority nor argument to support it. This view as to the measure of damages was expressed by the court in the original opinion in Gillespie v. Gray (Tex. Civ. App.) 214 S. W. 730, in the following language:

"The amount paid * * * for the 14 acres in controversy [the shortage] was the correct measure of his [plaintiff's] damages. Moore v. Hazelwood, 67 Tex. 624; 4 S. W. 215; Wheeler v. Boyd, 69 Tex. 298, 6 S. W. 614; Weir v. McGee, 25 Tex. Supp. 21."

On motion for rehearing, the court announced in that case that it changed its holding in this respect, in obedience to the authority of Vogt v. Smalley, supra.

Many cases have been decided in this state by the Supreme Court of this state, involving the issue of damages on account of the deficiency in acreage. In all such cases it has been held that a material deficiency, occasioned either by a mutual mistake or by the fraudulent representations of the seller, was an equitable ground for the recovery of damages. In no such case, so far as we are aware, in this state or elsewhere, has the doctrine as to the measure of damages announced in George v. Hesse been held applicable prior to the case of Vogt v. Smalley, supra. I do not think that the court in that case gave proper consideration as to correct measure of damage, and I am unwilling to follow the doctrine there announced until the same has been more fully considered by our Supreme Court.

The difference between George v. Hesse, supra, and cases where there is a shortage in acreage as in the instant case is as heretofore stated, in the one case the purchaser got what he bought, but was misled as to its value by fraudulent representations. Such being the case, and he not seeking rescission but keeping what he bought, it is obvious that his measure of damage is the difference between the value of the thing

that he thus obtained and retained and the price which he paid for the same. But where there is a shortage in acreage, the purchaser does not get what he bought, and it seems clear to me that his measure of damages is the value of the thing that he bought and did not obtain. If the doctrine of George v. Hesse is applicable where there is a shortage in acreage, and the purchaser is charged with the value of the land which he obtained, notwithstanding the shortage, and without reference to the price which he paid for the same, the court makes a contract for the purchaser which he did not make, and deprives him of the value of his bargain, if any he had, in the transaction. To illustrate: A. sells B. 200 acres of land for $2 per acre. The land is actually worth $4 per acre, but the owner, for reasons satisfactory to himself, is willing to take $2 per acre, and the purchaser, by reason of the bargain, is willing to buy it at that price. By reason of superior title in a third party to 100 acres of this land the purchaser loses that amount. He sues A. for damages. A. replies: "The 100 acres which you have left was at the time I sold it to you and still is worth $4 per acre; therefore you have lost nothing in the transaction." B. replies: "I did not buy the land from you at $4 an acre, and you did not sell me land at that price." If the doctrine of George v. Hesse is applied to such a case, B. would get only 100 acres of land, when he bought and paid for 200 acres, and would get no damage by reason of the deficiency.

The claim of appellee for damages to the amount of $40.60 per acre on the shortage is based upon the fact that he paid $8,000 for what was supposed to be 197 acres of land. This 197 acres is made up of two tracts of 1 and 10 acres, respectively, upon which there is situated a dwelling house, a barn, and an orchard; and a third tract supposed to contain 189 acres. The deficiency of 84 acres is on the tract which was supposed to contain 189 acres, three acres of which had been sold to a church. On the 189 acres there is a farm, which the purchaser supposed did, and which in fact does, contain about 70 acres. So far as the improvements and the agricultural land are concerned, the appellee got what he supposed he was getting. The shortage is in the pasturage land, which it is fairly inferable is of less value per acre than the farm or residence land. Should appellee have been allowed $40.60 per acre on the shortage in the pasturage land, on the proof that he paid $40.60 per acre for the entire tract? We think not. By way of illustration: A. sells to B. 200 acres of land for $11,000; this is $55 per acre. One hundred acres of this land is worth in the market, at the time of the transaction, $100 per acre, being well-improved agricultural land; the other 100 acres is rough and rocky and worth only $10 per acre. By reason of a conflict with an older survey, B.

loses the 100 acres of poor land. If he is allowed to recover from A. $55 per acre for this 100 acres, he gets the 100 acres, confessedly worth $10,000, for $5,500. Or if, upon the other hand, B. loses the 100 acres of good land and can recover from A. only $55 per acre for the same, he is out $5,500 for 100 acres of land worth only $1,000. In either case this would be inequitable. The value of the land lost is proper measure of damages. But this value is not necessarily the value of the land lost as a detached tract, but its value should be taken in connection with the whole tract. This is analogous to the doctrine of valuable improvements made by an innocent purchaser, wherein he is allowed for such improvements the amount which they add to the value of the land improved. So, I think, in the instant case, the question is, How much more would the land purchased be worth with the deficiency added than without it. This sum should be deducted from the price paid. When this is done, and only when this is done, the purchaser has been compensated for that which he paid for but did not get.

For the reasons stated, the judgment of the trial court is reversed, with instructions, on the part of the majority of the court, to allow damages as announced in the case of George v. Hesse. The writer thinks that the damages allowed should be in accordance with the views hereinabove expressed by him.

Reversed and remanded.