## WOODRUFF v. CONWAY et al.   (No. 7235.)

(Court of Civil Appeals of Texas.   San Antonio.   Dec. 1, 1924.)

**I. Limitation of actions ⬤⟳100(6)—Statute begins to run at time purchaser discovers, or should discover, acreage shortage.**

In action by purchaser for damages, in that acreage of land was less than represented, four-year statute of limitations began to run when purchaser discovered, or should have discovered, the deceit.

**2. Fraud ⬤⟳59(3)—Measure of damages for acreage shortage, where purchase was in gross, stated.**

Measure of damages for acreage shortage, where purchase was in gross, and not by acre, is difference between value of property acquired and purchase price paid.

Appeal from Karnes County Court; Thomas B. Smiley, Judge.

Action by J. N. Woodruff against W. T. Conway and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Paul H. Brown, of Karnes City, and C. L. Bell, of San Antonio, for appellant.

Hal Browne, of San Antonio, for appellees.

SMITH, J. Appellant, Woodruff, purchased a tract of land in Karnes county from W. T. Conway and others for a gross price of $4,800. The land had improvements on it of the value of approximately $1,500. The vendors represented to the vendee that the tract contained 121 acres, but years afterwards it was ascertained by a survey that it in fact contained only 115.1 acres. Subsequently Woodruff brought this action against Conway and his associates to recover the amount of his loss, calculated upon the basis of the average price paid per acre for 121 acres. The trial court denied recovery to Woodruff, upon the conclusion of law that the action was barred by the statute of limitation of four years.

[1] In suits of this nature, the four-year statute of limitations applies, and such limitation begins to run at the time the vendee discovers the deceit practiced upon him by the vendor, or at the time he should have discovered it, in the exercise of ordinary diligence. Gillespie v. Gray (Tex. Civ. App.) 230 S. W. 1027, and authorities there cited.

In this cause the court below concluded as a matter of law that the action was barred by the four-year statute, and this express conclusion gives rise to the assumption that the court found as a fact that, in the exercise of ordinary diligence, appellant could have discovered the deceit more than four years prior to the institution of the suit. We cannot say the evidence was insufficient to warrant such implied finding. This settles the case against appellant.

[2] But the judgment must be affirmed for another reason. The purchase being made in gross, and not upon an agreed price per acre, the measure of damages was the difference between the value of the property acquired under the deed and the gross purchase price paid by the vendee. Billingsly v. Jefferies (Tex. Civ. App.) 255 S. W. 790, and authorities there cited. No proof whatever was made by which this measure could be applied, and therefore there was no basis for a judgment, even in the absence of the bar of limitation.

The judgment is affirmed.