Appellee, Thad A. Barrington, brought this suit against appellants D. W. Ray and Mrs. Ethel Irene Watson to recover the value of 44.37 acres of land, which he alleged was the amount of shortage in a certain tract conveyed to him by appellants. Appellee alleged that said tract was sold to him by the acre; that the same was represented to contain 300 acres; that the price agreed upon was $20 per acre; that he had never seen the land prior to his purchase of the same and relied wholly on such representation as to the quantity thereof; that such representation was false, and that said tract contained only 255.63 acres. Appellee charged that appellant Ray, who negotiated the sale of said land for himself and for Mrs. Watson, who is his sister, knew said representation was false and made the same with intent to defraud him out of the value of such shortage, which he alleged to be $887.40. Appellants denied that said land was sold by the acre and alleged affirmatively that the same was sold in gross. They also denied that they made any representations concerning the number of acres in said tract and alleged affirmatively that they did not know the acreage contained therein. All the facts leading up to the consummation of the said sale were alleged in detail by the parties according to their respective contentions.
Appellants owned the tract of land conveyed by them to appellee. The same was part of a larger tract owned by them. Appellant Ray also owned two smaller tracts lying immediately south of the same. All said lands were situated in a proposed levy district. Guy M. Gibson, John H. Sharp, and James M. Baldridge were interested in promoting said district and owned a large quantity of land in that vicinity. Ray was dissatisfied with the situation and proposed to sell all said lands lying within the boundaries of the proposed district to said three parties. A contract for the sale of the same was drawn and signed by said Ray for himself and Mrs. Watson and by Gibson. Sharp declined to sign the same, and it does not appear that it was ever presented to Baldridge. Said contract described the land afterwards conveyed to appellee as follows:
"First Tract. 300 acres of land, more or less, on the Elijah Powers survey in said county, and being off of the S. end of 353.7-acre tract conveyed to the said Ray and Watson by *Page 783 
A. Fox, and being all of said tract of land, which lies S. of the line running from the N.W. corner of what was formerly the Honeycutt 164 3/4-acre tract S. 60° W. to the W. line of said survey; consideration for said tract being $6,000.00."
Gibson tesified in this connection, in substance, that he agreed with appellant Ray to purchase said first tract of land at the rate of $20 an acre or $6,000 for the 300 acres. Ray testified that the price agreed upon was $6,000 for the entire tract regardless of acreage. Gibson was a brother-in-law of appellee. He approached him as though he was the agent of the appellants and proposed that appellee purchase said first tract, representing the same to contain 300 acres and stating that it could be purshased at $20 an acre. Appellee finally agreed to purchase the same on said terms, and signed an addendum to said contract in which it was agreed that appellants should convey said tract direct to appellee. Appellant Ray testified in this connection that he understood thereby that the trade was switched from Gibson and his associates to appellee. Another party at the same time agreed to purchase the other two tracts, and appellant Ray was to deed the same direct to him. Said transaction is not involved herein. The deed conveying said tract of land to appellee was drawn by appellant's attorney. It described the land by metes and bounds, but an error in one of the calls made the tract conveyed appear to be larger than it really was. Said description by metes and bounds concluded with the words, "and containing 300 acres of land, more or less." The evidence shows without dispute that at the time said trade was consummated and before said deed was delivered, appellee raised a question as to the meaning and effect of the words "more or less" qualifying the recited acreage, and was told by his own attorney in the presence of appellants' representative that that expression was meant to cover a variation of an acre or two between different surveys of said tract. Thereafter appellants' representative delivered the deed and accepted the cash payment and a note for the deferred payment. This note was afterwards transferred to a third party and paid by appellee. Such further recital of the pleadings of the parties and the evidence introduced as may be necessary to a proper understanding of the issues of law hereinafter discussed will be recited in connection therewith.
The cause was submitted to a jury on special issues and the jury found, in substance, as follows: (1) That the tract conveyed was 44.37 acres short of 300 acres; (2) that appellee was buying said land and appellant Ray selling the same by the acre, at a price of $20 per acre; (3) that said sale was not in gross at a price of $6,000; (4) that Ray represented to Gibson that he, Ray, would take $20 an acre for the land, and that it contained 300 acres; (5) that Gibson told appellee that he, appellee could buy the land at $20 an acre, and that said tract contained 300 acres; (6) that appellee relied upon said statement made to him by Gibson and believed the same to be true; (7) that said statement so made by Gibson as to the amount of land contained in the tract was false and untrue; (8) that Gibson did not know that the same was false and untrue; (9) that the statement made by Ray to Gibson to the effect that the land contained 300 acres was false and untrue; (10) that Ray did not know that said statement so made by him to Gibson was false and untrue; (11) that Gibson believed such statement to be true and relied thereon; (12) that appellee used due diligence to ascertain the number of acres in the land when he made the purchase; (13) that Gibson was not acting for appellants in making the deal with appellee by which he was to buy the land; (14) that Gibson was not acting for himself, Sharp, and Baldridge when he made said deal; (15) that appellee and appellants were mutually mistaken as to the number of acres contained in the tract of land; (16) that appellee had suffered damage in the sum of $1,138.09; (17) that appellee first ascertained that there was a shortage in said tract of land on February 15, 1925; (18) that appellee by the use of reasonable diligence could have ascertained such shortage in the latter part of December, 1924; (19) that the dates when appellee could by the exercise of reasonable diligence have discovered such shortage, and when he did actually discover the same, were both within two years previous to the filing of this suit. The court rendered judgment on said findings for appellee, and appellants present the same for review.
 Opinion,
Appellants by their seventh proposition contend that appellee's pleadings do not raise an issue of mutual mistake, and that the finding of the jury that both appellants and appellee were mutually mistaken as to the acreage contained in said tract cannot therefore be made the basis of any relief to appellee. They further contend that such finding precludes any relief to appellee on the ground of false representation as to such acreage, and that the court therefore erred in rendering judgment for appellee. It is a well-established rule in this state that in determining whether a judgment is supported by the pleadings, the court will consider the pleadings of both parties, and that the omissions in the pleadings of one party may be supplied by allegations in the pleadings of the other. Hotel Dieu v. Armendariz (Tex.Civ.App.) 167 S.W. 181, 182, and authorities there cited (affirmed, 210 S.W. 518); Law Reporting Co. v. Texas Grain Elevator Co. (Tex.Civ.App.) 168 S.W. 1001, 1003, *Page 784 
and authorities there cited; Clem Lumber Co. v. Elliott Lumber Co. (Tex.Com.App.) 254 S.W. 935, 937, and authorities there cited.
Appellee alleged, in substance, that Ray authorized Gibson to represent that said tract contained 300 acres, and that he knew at the time that it did not contain such acreage. He further alleged that Gibson did represent to him that said tract contained said acreage, and that he relied on such representation and did not know that the same was untrue until he had a survey made in the early part of 1925. He also in his pleadings referred to such representation as to acreage as such fraud or mistake. Appellants alleged the transaction in detail and pleaded especially that they did not know the actual acreage contained in said tract. While neither of the parties used the expression "mutual mistake" in their pleadings, said pleadings alleged that neither appellants nor appellee knew the actual acreage in said tract. The jury found, in substance, that appellant Ray did tell Gibson that said tract contained 300 acres and that Gibson told appellee that it contained such acreage and that appellee relied on such statement. The jury further found, in substance, that neither Ray nor Gibson knew that said statement was untrue. The jury further found that appellants and appellee were mutually mistaken with regard to the acreage actually contained in said tract. There was no objection to the submission of any of such issues and there is no assignment that any of them are without support in the evidence. There was no objection to the evidence on which such findings were based. The issue of mutual mistake being covered, in substance, by the pleadings of the parties when considered together, all merely formal defects and omissions were cured by the verdict rendered and are not available as ground for reversal on appeal. Schuster v. Frendenthal,74 Tex. 53, 55, 11 S.W. 1051; Gillies v. Wofford, 26 Tex. 76, 77; Loungeway v. Hale, 73 Tex. 495, 498, 11 S.W. 537; Williams v. Warnell,28 Tex. 610, 614; Humphreys Oil Co. v. Liles (Tex.Com.App.) 277 S.W. 100, 102, pars. 2 and 3; Bustillos v. Southwestern Portland Cement Co. (Tex.Com.App.) 211 S.W. 929, 931; Northern Texas Traction Co. v. City of Polytechnic (Tex.Com.App.) 236 S.W. 73, 75; Ellis v. Howard-Smith Co. (Tex.Civ.App.) 80 S.W. 633 (writ refused); Gulf, C. S. F. R. Co. v. Reagan (Tex.Civ.App.) 34 S.W. 796, 798, 799 (writ refused); Indiana Ohio Live Stock Ins. Co. v. Smith (Tex.Civ.App.) 157 S.W. 755, 756, par. 4 (writ refused); Missouri, K. T. R. Co. of Texas v. James (Tex.Civ.App.) 112 S.W. 774; Federal Life Ins. Co. v. Wilkes (Tex.Civ.App.) 218 S.W. 591, 597.
It has been held that where facts are pleaded showing material misrepresentation relied upon by the buyer and inducing the contract, and relief is sought on the ground of fraud, relief may be granted upon the failure of the evidence to show fraud, actual or constructive, upon the ground of mutual mistake, if the evidence will support such finding, even though mistake were not expressly pleaded as the basis for the relief. Mason v. Peterson (Tex.Com.App.) 250 S.W. 142, 146; Culbertson v. Blanchard, 79 Tex. 486, 491, 492, 45 S.W. 700. Nor does such finding of mistake on the part of appellants preclude relief to appellee on the ground that the representation as to acreage was in fact false, though made without knowledge that it was untrue. Loper v. Robinson, 54 Tex. 510, 514; Boles v. Aldridge, 107 Tex. 209, 175 S.W. 1052; Prideaux v. Roark (Tex.Com.App.) 291 S.W. 868, 870; Barclay v. Deyerle (Tex.Civ.App.)116 S.W. 123, 125, 126 (writ refused); Benton v. Kuykendall (Tex.Civ.App.) 160 S.W. 438, 441, 442 (writ refused); Zavala Land 
Water Co. v. Tolbert (Tex.Civ.App.) 184 S.W. 523, 529 (writ refused).
Appellants by their second proposition contend that, since the testimony showed that the agreement for the sale of said tract of land by appellants at $20 per acre was made between appellants and Gibson, and that the agreement for the purchase of the same by appellee at said rate or price per acre was made between appellee and Gibson, and that since the jury found that Gibson was not representing appellants, the court erred in rendering judgment against them in favor of appellee for the value of said shortage. The undisputed evidence showed that appellant Ray knew that Sharp objected to the contract for the sale of said land agreed upon between him and Gibson and that Gibson procured appellee to accept the provisions of said contract as to said 300-acre tract and to comply with the same substantially as originally agreed upon between appellants and Gibson. The evidence also showed without dispute that the representative of both of appellants heard appellee's attorney, in response to an inquiry by appellee, explain to him that the words "more or less" in the description in the deed were meant to cover a difference of an acre or two in different surveys of said tract, and that this occurred before appellee accepted the deed and paid the consideration recited therein. The jury found that appellant Ray in negotiating said sale was selling said tract of land by the acre at the price of $20 per acre, and that appellee was buying the same on said terms. We think the evidence above recited was sufficient to support an implied finding by the court in addition thereto that appellant Ray knew that the transaction between Gibson and appellee was not a resale of the land by Gibson to appellee, but a substitution of appellee for Gibson in the sale already agreed upon, and that appellee was purchasing said land from appellants on the terms and conditions agreed upon *Page 785 
between him, the said Ray, and said Gibson. Taylor v. Hill (Tex.Com.App.) 221 S.W. 267, 268.
We think that such evidence was also sufficient to support a further implied finding by the court that appellants knew, or ought to have known, that appellee believed that said tract contained approximately 300 acres, and relied on said belief in consummating said sale by accepting the deed tendered him by them and paying the consideration stipulated therein. Equity will grant relief to the purchaser when the sale is by the acre and the quantity is misrepresented by the seller and the deficiency is material. Gillespie v. Gray (Tex.Civ.App.) 230 S.W. 1027, 1028, par. 1 (writ refused); Brown v. Yoakum (Tex.Civ.App.) 170 S.W. 803, 804, 805, and authorities there cited. Equity will also relieve the purchaser in such sales when the parties act under a mutual mistake as to the quantity of land conveyed. Franco-Texan Land Co. v. Simpson (Tex.Civ.App.) 20 S.W. 958, 959; Wheeler v. Boyd, 69 Tex. 293, 298,6 S.W. 614, and authorities there cited; Hohertz v. Durham (Tex.Civ.App.)224 S.W. 549, 551. See, also, Findlay v. State (Tex.Civ.App.) 238 S.W. 956, 962, par. 6, and authorities there cited. The shortage shown in this case, being approximately 45 acres out of 300, was material. Cox v. Barton (Tex.Com.App.) 212 S.W. 652, 654, par. 2; Franco-Texan Land Co. v. Simpson, supra; Kite v. Pittman (Mo. App.) 278 S.W. 830.
Appellants by their third proposition contend, in effect, that the description of said tract contained in said contract and deed of conveyance imported a sale in gross, and that the court erred in refusing to so instruct the jury. It is well settled in this state that if there be appropriate allegations of fraud, misrepresentation, or mutual mistake, it may be shown that the sale was by the acre, though the deed on its face indicates a sale in gross. Ross v. Brewer (Tex.Civ.App.)251 S.W. 307, 308, and authorities there cited; Franco-Texan Land Co. v. Simpson, supra. Whether the sale under consideration was in fact in gross or by the acre was a sharply contested issue, and the court properly submitted the same to the jury for determination.
Appellants by their first proposition contend that the undisputed evidence shows that plaintiff's cause of action was barred by the statute of limitation. The deed to appellee was delivered on the 31st day of May, 1921. This suit was instituted on June 6, 1925. The deed described the land conveyed by metes and bounds, but an error in one call made it appear to convey more land than it did in fact convey. There was evidence that Ray represented to Gibson that the tract contained 300 acres and that he contracted to sell the same to him and his associates at $20 an acre. The jury so found. We have already shown that the evidence is sufficient to support a finding that appellant Ray knew that appellee was merely accepting and consummating the trade agreed upon between him, the said Ray, and Gibson. The undisputed evidence shows that Gibson represented to appellee that the tract contained said acreage; that appellee proposed that they have it surveyed; and that Gibson assured him it was not necessary to do so as it had been surveyed and resurveyed, and checked and double checked, showing him in connection with such assertion a map of the levy district, on which this tract was shown to contain such acreage. The land was situated some 50 miles from appellee's place of residence. It was unfenced and densely timbered and was apparently not susceptible of any immediate use. Appellee had not seen the land before his purchase, and the same was not pointed out to him by appellants at or after his purchase. He was assured at the time of his purchase by his own attorney, in the presence of a representative of appellants, that the expression "more or less," in connection with the recital of said acreage in his deed, applied only to trivial discrepancies. No occasion arose for a survey of the land until he began negotiations for the sale of the same in the latter part of 1924. The jury found that appellee discovered the fact that there was a shortage of acreage in said tract on February 15, 1925, and that he could have discovered said shortage by the exercise of reasonable diligence in the latter part of December, 1924. The established rule in this state is that, in cases involving fraud or mutual mistake, limitation begins to run against the injured party from the time such fraud or mistake is discovered, or could have been discovered by the exercise of reasonable diligence. Oldham v. Medearis,90 Tex. 506, 507, 508, 39 S.W. 919; Bass v. James, 83 Tex. 110, 111,18 S.W. 336, and authorities there cited; Connoly v. Hammond, 58 Tex. 11, 17; Carver v. Moore (Tex.Com.App.) 288 S.W. 156, 157, 158; Mason v. Peterson (Tex.Com.App.) 250 S.W. 142, 146, par. 9. Limitation will begin to run when the fraud or mistake relied on could by the exercise of ordinary diligence have been discovered by the injured party, notwithstanding he may not have in fact discovered the same, in the absence of some concealment rendering reasonable diligence to discover ineffective. Bass v. James, supra; Connoly v. Hammond, supra; Calhoun v. Barton, 64 Tex. 510, 515, 517, 518; Bacon v. National Bank of Commerce (Tex.Civ.App.) 259 S.W. 245, 250; Dunn v. Taylor (Tex.Civ.App.)94 S.W. 347, 348; Citizens Nat. Bank v. Good Roads Gravel Co. (Tex.Civ.App.) 236 S.W. 153, 162, par. 6.
The cases just cited recognize the general rule that limitation does not begin to run in a case of fraud or misrepresentation until such fraud or misrepresentation is known to the injured party, or could have been discovered by the exercise of reasonable diligence. What will constitute reasonable *Page 786 
diligence to discover fraud or mutual mistake and when the same might have been discovered by the exercise of such diligence are necessarily questions which must be determined from all the facts and circumstances in evidence in each particular case. When, under the facts in evidence, reasonable minds might differ on such issues, the findings of the jury thereon are binding on appeal. We think the issue as to when appellee could or should in the exercise of reasonable diligence have discovered the shortage complained of in this suit was, under the evidence above recited, a question of fact for the jury, and we do not feel at liberty to disturb its verdict. Stone v. Burns (Tex.Civ.App.) 200 S.W. 1121, 1122; Oldham v. Medearis, supra, at page 507; Gillespie v. Gray, supra; Hohertz v. Durham, supra, pp. 550, 551; Isaacs v. Wright (Tex.Civ.App.)110 S.W. 970, 971, 972 (writ refused); Woodruff v. Conway (Tex.Civ.App.)266 S.W. 868; Smalley v. Vogt (Tex.Civ.App.) 166 S.W. 1, approved on the issue of limitation Vogt v. Smalley (Tex.Com.App.) 210 S.W. 511; Swearingen v. Swearingen (Tex.Civ.App.) 193 S.W. 442, 452, 453; Harris v. Flowers (Tex.Civ.App.) 52 S.W. 1046, 1047, 1049; Coleman v. Ebeling (Tex.Civ.App.) 138 S.W. 199, 204.
We have examined all of the propositions presented by appellants, and, finding no reversible error shown thereby, the judgment of the trial court is affirmed.